IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

DEANDRE GREEN                                                                                    PLAINTIFF

v.                                          NO. 2:17CV00033 JLH

CHARLES BYRD, in his official capacity
as Police Officer of the City of Helena-West Helena                          DEFENDANT

## OPINION AND ORDER

Deandre Green was arrested by Charles Byrd, a Helena-West Helena police officer, on June 28, 2013. He was jailed in a county facility for five months, before being released, uncharged, on October 1, 2013. Green did not receive a first-appearance hearing within 72 hours of arrest. He sued Byrd in his official capacity pursuant to 42 U.S.C. § 1983 for violation of the fourth amendment as incorporated into the fourteenth amendment according to the Supreme Court of the United States, as well as a parallel claim under the Arkansas Civil Rights Act for violations of the Arkansas constitution.[1] The claims are really claims against the City of Helena-West Helena. Green now moves for partial summary judgment as to liability on his claims. The City cross moves for summary judgment.

A court should enter summary judgment if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). A genuine dispute

---

[1] Green had also asserted a sexual assault claim against Byrd in his individual and official capacities. He later voluntarily moved to dismiss Byrd as a defendant in his individual capacity and to dismiss the sexual assault claim again Byrd in his official capacity. Document #36. The Court granted that motion and dismissed those claims without prejudice. Document #37.

of material fact exists only if the evidence is sufficient to allow a jury to return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 249, 106 S. Ct. at 2511.

The City first argues that Green's claims are barred by Arkansas's three-year statute of limitations. Green says that the running of the statute was tolled under the rule set out in *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 94 S. Ct. 756, 38 L. Ed. 2d 713 (1974). "Arkansas has adopted the *American Pipe* rule." *Garner v. Butterball, LLC*, No. 4:10CV01025 JLH, 2012 WL 570000, at *7 (E.D. Ark. Feb. 22, 2012) (citing *Blaylock v. Shearson Lehman Bros., Inc.*, 330 Ark. 620, 624, 954 S.W.2d 939, 941 (1997)). That rule provides that "commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." *Am. Pipe*, 414 U.S. at 554, 94 S. Ct. at 766. The City has not responded to Green's argument that the running of the statute tolled under *American Pipe*, so the Court will assume that *American Pipe* applies.

Green's claim would have been encompassed in the class action case of 2:15CV00095 before Judge D.P. Marshall. Judge Marshall certified a class of "[a]ll those arrested in Phillips County, Arkansas between 9 October 2012 and 10 November 2016 who did not receive a Rule 8 appearance within seventy-two hours of arrest." *Thomas v. Byrd,* No. 2:15CV00095 DPM (E.D. Ark. Nov. 10, 2015). Assuming that *American Pipe* applies, his claims are not barred by Arkansas's statute of limitations.

Green alleges that the City maintained an unconstitutional custom. The City argues that Green has failed to offer any evidence that City policy was responsible for failing to get Green to a first-appearance hearing. On the flip side, Green argues that there is no dispute that City actors were responsible. *Covington v. Wallace*, No. 2:12CV00123 DPM, 2014 WL 5306791, at *1 (E.D.

Ark. Oct. 15, 2014), was a class action alleging the same claims but covering a different time period than when Green's claim arose. As it did here, the City moved for summary judgment, arguing the City was not liable. Judge Marshall rejected that argument and explained his reasons well:

> Genuinely disputed material facts exist. The testimony of Judges King and Porter makes plain their view that the City was either solely or jointly responsible with the County for making sure that city arrestees got to court for a first appearance. The City disputes this, of course, and that's an issue for trial. Covington is not asserting claims against various City officials who were part of this machinery. His argument, instead, is that various City hands were on the jail keys, just like County hands were. A jury must decide where the truth is about the alleged will-call policy and the County/City roles in all this.

*Id.* Green relies on the deposition testimony of Judges King and Porter as well. That testimony is evidence that the City was involved but does not conclusively establish municipal liability under *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

Deandre Green's motion for partial summary judgment is DENIED. Document #38. Charles Byrd's motion for summary judgment is also DENIED. Document #44.

IT IS SO ORDERED this 10th day of May, 2018.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE